GREGORY KRAEMER
Nevada Bar No. 010911
**MORGAN & MORGAN**
6725 Via Austi Parkway-Suite 275
Las Vegas, NV 89119
P: (725) 765-3281
F: (689) 285-6860
gkraemer@forthepeople.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**STATE OF NEVADA**

| | |
|---|---|
| ANITA SCOTT, individually; | CASE NO.: ~~2:25-cv-1614~~ 2:25-cv-2031-CDS-DJA |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER** |
| DREAMSCAPE FLAMINGO ROAD MANAGEMENT LLC. dba Rio Hotel & Casino, a Domestic Limited-Liability Company; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive | **[FIRST REQUEST]** |
| Defendants. | |

Plaintiff, ANITA SCOTT, by and through counsel, Gregory A. Kraemer, Esq. of Morgan & Morgan, and Defendant, DREAMSCAPE FLAMINGO ROAD MANAGEMENT LLC, by and through counsel, Jonathan C. Pattillo, Esq. of Wilson Elser Moskowitz Edelman & Dicker hereby submit the instant stipulation and order to extend the Discovery Plan and Scheduling Order pursuant to Local Rule II ~~26-4~~ 26-3 as follows:

I.      **GOOD CAUSE SUPPORTING THE EXTENSION**.

The parties come to this Court seeking a first extension of the Discovery Plan and Scheduling Order governing this premises liability/personal injury case. The parties have begun to diligently move this case forward, but significant discovery remains to be completed which warrants the requested extension.

1

### A.    SUMMARY OF EFFORTS THUS FAR.

This lawsuit involves allegations that Plaintiff, CAROLINE SIMMS suffered personal injuries as a result of a fall she experienced while at the Rio Hotel and Casino located at 3700 W Flamingo Rd. Las Vegas, NV 89103

On July 10, 2025, Plaintiff filed her Complaint against Defendant in the Eighth Judicial District Court for Clark County, Nevada. On September 16, 2025, Defendant filed its Answer denying Plaintiff's allegations and denying all liability for the injuries. On October 21, 2025, Defendant filed its Notice of Removal and removed the matter to this Court based on diversity jurisdiction. On October 30, 2025, Defendant filed its Statement Regarding Removal.

The parties participated in the Fed. R. Civ. P. 26(f) conference on November 14, 2025, and filed their proposed Joint Discovery Plan and Scheduling Order on November 24, 2025.

In the interim, the parties have been engaged in discovery.  Initially, after meeting to complete the FRCP 26 conference, the parties exchanged their respective Fed. R. Civ. P. 26 disclosures.  Defendant then served its first set of written discovery requests to Plaintiff. Similarly, Plaintiff served her first set of written discovery requests to Defendant.

At the same time, Defendant is in the process of securing Plaintiff's medical records directly from the health care providers by setting custodian of records depositions for each provider.  As the medical records are received, supplemental disclosures will be served to provide the records to all parties.

Finally, the parties intend to schedule depositions for the parties in the next few weeks.  The parties also anticipate that the depositions of some of Plaintiff's treating physicians will follow the completion of the fact related depositions. This will, no doubt, be followed by the deposition of the parties' respective experts.

Due to the schedules of counsels and witnesses, parties are unable to complete these

depositions prior to the current expert disclosure deadline.

**B.     GOOD CAUSE.**

This is a significant personal injury matter that will require significant effort by both parties. Plaintiff has already identified past medical expenses and future medical expenses is still unknown, to name some of the damage components identified thus far. Significant effort will be required to address each of the damage components, and the liability portion of this case.  The parties have been diligently moving discovery forward but there are important medical records outstanding that may directly affect medical provider depositions needed and resolution efforts.

The outstanding records are also required to retain experts and to move forward with Plaintiff's deposition. Additionally, Plaintiff has requested the deposition of Defendant's 30(b)(6) witnesses. Defendant is still working on identifying the appropriate witness(es) to testify as to the requested topics.

The parties intend to schedule the depositions in the next few weeks. Due to the schedules of counsels and witnesses, parties are unable to complete these depositions prior to the current expert disclosure deadline.

**II.     DISCOVERY COMPLETED TO DATE.**

In accordance with LR II 26-4(a), the Parties provide the following statement of discovery completed to date:

**A.     Plaintiff's Discovery.**

1.     Plaintiff's FRCP 26 initial disclosures served 11/24/2025

2.     Plaintiff's First Set of Requests for Production of Documents to Defendant served on 1/12/2026.

3.     Plaintiff's First Set of Interrogatories to Defendant served on 1/12/2026.

**B**.     **Defendant's Discovery.**

1.     Defendant's FRCP 26 initial disclosures served 11/12/2025.

2. Defendant's FRCP 26 Second Supplement served 11/21/2025.

3. Defendant's First Set of Interrogatories to Plaintiff served 11/12/2025.

4. Defendant's First Set of Requests for Production to Plaintiff served 11/12/2025

## III.    DISCOVERY REMAINING TO BE COMPLETED.

In accordance with LR II 26-4(b), the Parties provide the following statement of discovery remaining to be completed:

**A.    Plaintiff's remaining discovery.**

1. Plaintiff must designate initial experts and produce the required report and materials.

2. Plaintiff must designate rebuttal experts and produce the required report and materials.

3. Deposition(s) of Defendant's experts must be taken.

4. Depositions of Defendant's personnel.

5. Deposition of Defendant's 30(b)(6) witness.

**B.    Defendant's remaining discovery:**

1. Deposition of Plaintiff.

2. Deposition of percipient witnesses.

3. Depositions of Plaintiff's treating providers.

4. Obtain medical provider's records.

5. Defendant must designate initial experts and produce the required report and materials.

6. Defendant must designate rebuttal experts and produce the required report and materials.

7. Deposition(s) of Plaintiff's expert must be taken.

**IV.    WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED.**

As referenced above, the parties initially devoted some time to removing the case to this Court. Once the parties embarked on discovery, they have been able to move this matter forward with the appropriate diligence. As detailed above, significant discovery has been completed including the exchange of initial disclosures, written discovery and Defendant will be serving subpoenas to secure independent copies of Plaintiff's medical records. Once the medical records have been secured, Defendant intends to take the deposition of Plaintiff.  Plaintiff's deposition and the pending medical records are essential to obtain prior to expert disclosure as these are necessary documents for the experts to consider in forming their opinions.

Therefore, despite the diligent efforts, significant discovery remains to be completed including completion of Plaintiff's deposition after medical records are received, completion of  Rule 30(b)(6) deposition.  Plaintiff's medical providers must also be deposed as well as the parties' respective expert witnesses, which cannot be accomplished without the relevant medical records. The experts also need to have available the deposition testimony of some of the providers in order to render a comprehensive opinion of their respective areas of expertise. Finally, there is excusable neglect due to the holidays, schedules of counsel and witnesses, parties are unable to complete these necessary depositions prior to the current expert disclosure deadline. Moreover, parties are discussing possible early settlement. To conserve the Court's time and resources, the parties are requesting additional time to come to explore an agreement outside of court and save time, effort and expense for all sides.

**IV.    PROPOSED SCHEDULE FOR COMPLETING DISCOVERY.**

This request for an extension of time is not sought for any improper purpose or other purpose of delay.  The parties respectfully submit that this constitutes good cause to extend the current deadlines by 90 days.  The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| SCHEDULED EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
| --- | --- | --- |
| Discovery Cut Off | April 17, 2026 | July 17, 2026 |
| Amend Pleadings/Add Parties | January 16, 2026 | Closed |
| Initial Expert Disclosures | February 13, 2026 | May 13, 2026 |
| Rebuttal Expert Disclosures | March 13, 2026 | June 12, 2026 |
| Dispositive Motions | May 15, 2026 | August 13, 2026 |
| Joint Pre-Trial Order | June 15, 2026 | September 14, 2026 |

This is the first request for extension of time in this matter, and no trial date will be impacted by the extension as no such trial date has been set. The parties submit that the reasons set forth above constitute good cause for the requested extension.

DATED this 22nd day of January 2026.

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

*/s/ Jonathan C. Patillo*

_____
Jonathan C. Pattillo, Esq.
Nevada Bar No. 13929
6689 Las Vegas Blvd. South-Suite 200
Las Vegas, NV 89119
Attorneys for Defendant

DATED this 22nd day of January 2026.

MORGAN & MORGAN

*/s/ Gregory Kraemer*

_____
GREGORY KRAEMER, ESQ.
Nevada Bar No. 10911
Morgan & Morgan
6725 Via Austi Parkway-Suite 275
Las Vegas, NV 89119
702-765-3281
Attorney for Plaintiff

The parties' stipulation includes the wrong case number, cites to the incorrect Local Rule governing extensions, and includes an order on a page by itself in violation of LR IA 6-2. Nonetheless, the Court finds good cause to GRANT the stipulation. (ECF No. 8).  The parties must remedy the issues the Court has noted in any future stipulations.

IT IS SO ORDERED.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: January 23, 2026

## Melissa Martinez

| | |
|---|---|
| **From:** | Pattillo, Jonathan C. <Jonathan.Pattillo@wilsonelser.com> |
| **Sent:** | Tuesday, January 20, 2026 6:05 PM |
| **To:** | Gregory Kraemer |
| **Cc:** | Melissa Martinez |
| **Subject:** | RE: ANITA SCOTT-STIPULATION TO EXTEND DEADLINES |

**CAUTION:** Use caution when clicking on links or opening attachments in this external email.

Approved for my esig

Jonathan C. Pattillo
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
702.727.1268 (Direct)
702.727.1400 (Main)
702.727.1401 (Fax)
jonathan.pattillo@wilsonelser.com

**From:** Gregory Kraemer <gkraemer@forthepeople.com>
**Sent:** Tuesday, January 20, 2026 4:44 PM
**To:** Pattillo, Jonathan C. <Jonathan.Pattillo@wilsonelser.com>
**Cc:** Melissa Martinez <melissamartinez@forthepeople.com>
**Subject:** ANITA SCOTT-STIPULATION TO EXTEND DEADLINES

EXTERNAL EMAIL - This email originated from outside the organization.

Jonathan,

Attached is my draft Stip. Let me know if you have any changes.

## Gregory Kraemer
**Attorney**

**T:** (725) 765-3281
**F:** (689) 285-6860

6725 Via Austi Pkwy, Suite 275,
Las Vegas, NV 89119



$30B+ Recovered • 1,000+ Attorneys • 140+ Offices

A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser
Moskowitz Edelman & Dicker LLP provides to you either in the body
of this or any email or in an attachment without first speaking
with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else
without voice verification. Even if an email looks like it has come
from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE
to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions
you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.

Thank you.